**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: BARBRA WILLIAMSON,<br><br>Debtor,<br><br>------------------------------<br><br>BARBRA WILLIAMSON,<br><br>Appellant,<br><br>v.<br><br>PARS,<br><br>Appellee. | No.   18-60062<br><br>BAP No. 17-1375<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Faris, Bankruptcy Judges, Presiding

Argued and Submitted February 14, 2020
Pasadena, California

Before:  SCHROEDER, BERZON, and R. NELSON, Circuit Judges.

Barbra Williamson appeals a decision by the bankruptcy court, affirmed by

the Bankruptcy Appellate Panel, concluding that PARS, the administrator of

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Williamson's pension plan, did not violate the automatic stay triggered by Williamson's chapter 13 bankruptcy. The court concluded that PARS's post-petition withholding of Williamson's monthly pension payments to recoup pre-petition overpayments constituted equitable recoupment, which is not subject to the automatic stay. It denied Williamson's motion for sanctions under 11 U.S.C. § 362(k) for violation of the stay. We affirm.

"We review de novo the scope or applicability of the automatic stay under the Bankruptcy Code, 11 U.S.C. § 362, because it is a question of law." *In re Palmdale Hills Prop.*, *LLC*, 654 F.3d 868, 875 (9th Cir. 2011).

1.     Williamson's argument that the doctrine of equitable recoupment is invalid because it is a judicially created exception to 11 U.S.C. § 362, the statute providing for the automatic stay, is foreclosed by binding precedent. The common law doctrine of equitable recoupment is valid even though it "does not owe its legitimacy to anything in the Bankruptcy Code." *See In re TLC Hosps., Inc.*, 224 F.3d 1008, 1011 (9th Cir. 2000). Use of recoupment in bankruptcy has been approved by the Supreme Court and the Ninth Circuit. *See, e.g.*, *Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993) (observing that the use of recoupment is permitted in bankruptcy cases); *In re TLC Hosps.*, 224 F.3d at 1011; *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996).

Binding precedent further makes clear that the equitable recoupment is not

2

subject to the automatic stay. *In re TLC Hospitals* noted that "[a]s applied in bankruptcy, recoupment is an equitable doctrine that 'exempts a debt from the automatic stay'" when it applies. 224 F.3d at 1011 (quoting *United States v. Consumer Health Servs. of Am., Inc.*, 108 F.3d 390, 395 (D.C. Cir. 1997)). *In re TLC Hospitals* held that because the doctrine did apply, the party seeking recoupment "may recoup its overpayments by applying them against its post-petition underpayment liabilities to [debtor], *without being affected by the automatic stay*." *Id*. at 1014 (emphasis added). Bound by these decisions, we reject Williamson's argument that the doctrine of equitable recoupment is an invalid exception to the automatic stay.

2.    Equitable recoupment is permissible only where mutual debts arise from "the same transaction," and where "it would . . . be inequitable for the debtor to enjoy the benefits of that transaction without meeting its obligations." *See Newbery*, 95 F.3d at 1399, 1403 (citations omitted). Williamson does not distinctly contest in her brief that the test for equitable recoupment was met here, and appears to have waived this point at oral argument.

In any event, the court here properly applied the logical relationship test used in this circuit to determine whether the two claims arose from the same transaction. *See In re TLC Hosps*., 224 F.3d at 1012; *Newbery*, 95 F.3d at 1402. PARS's obligation to pay Williamson pension benefits and Williamson's debt for

3

prior overpayments "logically relate to one another," *In re TLC Hosps*., 224 F.3d at 1012, as they both "arise[] from the same aggregate set of operative facts," *see In re Lazar*, 237 F.3d 967, 979 (9th Cir. 2001) (internal citations omitted). Both debts arise from Williamson's pension plan; the errors in her signed enrollment packet resulted in the miscalculation of her monthly benefit; and the subsequent correction of that miscalculation demonstrated that Williamson had already received the amount due each month by virtue of the earlier overpayment. The court also properly concluded that the equities favor recoupment. Equitable recoupment is thus appropriate.

**AFFIRMED**.